UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA  )  <br>           v.                              )   <br>                                        )   <br> NICHOLAS O'NEIL,                )  <br>                                        )  <br>      Defendant.               ) | MBD Case No. 20-91648-ADB |

**MOTION FOR ENDS-OF-JUSTICE CONTINUANCE
OF TIME FOR FILING AN INDICTMENT OR INFORMATION,
AND EXCLUSION OF TIME, UNDER THE SPEEDY TRIAL ACT**

The United States of America, by and through Assistant United States Attorney Kenneth G. Shine, respectfully moves this Court to grant a continuance of the time within which an indictment or information must be filed for a pending case against Defendant Nicholas O'Neil, and exclude the time period from November 30, 2020, through and including December 17, 2020, from the speedy trial clock, pursuant to the Speedy Trial Act, 18 U.S.C. §3161(h)(7)(A), and Sections 5(b)(7)(B) and 5(c)(1)(A) of the *Plan for Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts (effective December 2008), on the ground that the ends of justice served by granting the requested continuance and excluding these periods outweigh the best interests of the public and the defendant in a speedy trial. The Government further asks this Court to issue the attached proposed *Order of Continuance and*

*Excludable Delay*. In support of its request for an exclusion, the Government states as follows:

1. The Government believes that Defendant is responsible for a series of bank robberies occurring in Middlesex County between August 17, 2020 and September 22, 2020. On September 22, 2020, the Defendant was arrested and charged with the robbery of the Santander Bank in Tewksbury, Massachusetts. On October 13, 2020, the Defendant was charged by criminal complaint in the case *United States v. Nicholas O'Neil*, 20-MJ-2545-MBB, with bank robbery in violation of 18 U.S.C. § 2113(a). On October 30, 2020, the Defendant appeared in federal court and waived probable cause and assented to detention.

2. At present, the Government would need to seek an indictment or information on or before November 30, 2020.

3. The Government planned on Indicting the Defendant on a single count of bank robbery during the week of November 30, 2020. The Government has been informed that all Grand Juries scheduled to meet during the week of November 30, 2020 have been cancelled due to COVID-19 concerns.

4. Since the Defendant's initial appearance on October 30, 2020, the Government and the Defendant's counsel of record have discussed a potential resolution of this matter. Even with due diligence, the parties have been unable to finalize their discussions prior to the time within which an indictment or

information must be filed. Thus, the Government requests this extension of time within which an indictment or information must be filed in this case.

5. The Government and the Defendant's counsel of record, Joshua Hanye have discussed this extension request. Attorney Hanye has attempted, on different occasions, to speak with the Defendant and review this extension request but has been unable to confer with the Defendant and is thus unable to assent to this extension request.

6. To date, no previous motions to extend have been filed.

7. The Government states that, if the requested time is excluded, the Government will have until December 17, 2020, to file an information or return an indictment in this case. The Government further states that the end of justice would be served by granting the requested continuance, and excluding the period of time from November 30, 2020 through and including December 17, 2020 from the speedy trial clock, outweigh the best interests of the public and the defendant in a speedy trial pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A), and Sections 5(b)(7)(B) and 5(c)(1)(A) of the Plan for Prompt for *Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts (effective December 2008.

8.  A proposed order is attached.

                                     Respectfully submitted,

                                     ANDREW E. LELLING
                                     United States Attorney

                      By    */s/ Kenneth G. Shine*
                                     KENNETH G. SHINE
                                     Assistant U.S. Attorney

## Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent by email to the attorneys representing the above-referenced defendants as identified on each of the Notices of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                                    By:   */s/ Kenneth G. Shine*
                                             KENNETH G. SHINE
                                             Assistant U.S. Attorney

November 27, 2020